BAY STATE STREET RAILWAY COMPANY *vs.* PUBLIC SERVICE
COMMISSIONERS & others.

Suffolk. January 7, 1918. — February 27, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Grade Crossing. Public Service Commission. Lynn.*

The rulings or orders of a State board or commission, to review, annul, modify
or amend which jurisdiction in equity is given to the Supreme Judicial Court
by St. 1906, c. 463, Part III, § 157, and by St. 1913, c. 784, § 27, are such rul-
ings or orders as are made by the board or commission acting as such.

The public service commission, in making an apportionment of costs incurred
by reason of the changes at Silsbee Street in Lynn under St. 1912, c. 492, § 15,
in connection with the abolition of grade crossings of highways with the rail-
road, was substituted in place of the special commission provided for in St. 1906,
c. 463, Part I, § 29; and orders and rulings made by them in making such an
apportionment were not orders and rulings made by them as a State board or
commission.

The Supreme Judicial Court has no jurisdiction in equity under St. 1906, c. 463,
Part III, § 157, or under St. 1913, c. 784, § 27, to review, annul, modify or
amend an order or ruling made by the public service commission when acting
as a special commission under St. 1912, c. 492, § 15, as above described.

BILL IN EQUITY, filed in the Supreme Judicial Court on Sep-
tember 16, 1916, and afterwards amended, against the members
of the public service commission, the Boston and Maine Railroad,
the city of Lynn and the Commonwealth to have annulled a ruling
and order of the public service commission directing the plaintiff
to pay part of the cost incurred in the work upon Silsbee Street in
Lynn as a part of the work connected with the abolition of grade
crossings in Lynn under the provisions of Sts. 1890, c. 428, § 1;
1912, c. 492.

The defendants severally demurred. The demurrers were heard
by *Pierce,* J., and were sustained, and a final decree was entered
dismissing the petition. The plaintiff appealed.

The case was submitted on briefs.

*E. W. Burdett,* for the plaintiff.

*H. C. Attwill,* Attorney General, & *H. W. Barnum,* Assistant
Attorney General, for the public service commissioners.

*H. F. Hurlburt,* & *H. F. Hurlburt, Jr.,* for the Boston and Maine
Railroad.

CROSBY, J.   On June 26, 1901, a petition was filed in the Superior Court for the county of Essex by the mayor and aldermen of the city of Lynn, for the appointment of a special commission for the abolition of certain grade crossings in Lynn.   The petition was filed under the provisions of St. 1890, c. 428, § 1, (now St. 1906, c. 463, Part I, § 29).   A commission was duly appointed; its report after amendment was accepted by the court on June 30, 1909, and the Boston and Maine Railroad was ordered to proceed with the work in accordance with the report.   The parties bound by the decree made upon the commission's report are the Commonwealth, the city of Lynn, the Boston and Maine Railroad, and the Boston and Northern Street Railway Company, now the Bay State Street Railway Company.

Before the work was commenced, Silsbee Street in Lynn was carried over the tracks of the railroad on a bridge; under the decree the tracks of the railroad were to be raised to pass over the former grade crossings at Central Square, Silsbee Street was to be discontinued within the railroad location, and in substitution therefor a foot passageway beneath the tracks was ordered.   The commission apportioned the cost among the parties in interest.

After the work of the abolition of the crossings in accordance with the decree was begun, St. 1912, c. 492, was enacted.   This statute provided for certain modifications in the amended report of the special commission.   Sections 14 and 15 related to the reconstruction of Silsbee Street, and the apportionment of the cost thereof.   The modification of the plan made by § 14 required the building of an underpass for foot passengers, teams and vehicles in place of a passageway for foot passengers as provided by the decree of the special commission, at an additional expense which necessitated an apportionment under § 15 by the board of railroad commissioners.

The plaintiff requested the public service commission to rule that it was not liable for the payment of the cost involved in the work required to be done upon Silsbee Street, under St. 1912, c. 492, § 14, which request was refused; and an order was adopted by the public service commission (the successor of the board of railroad commissioners) apportioning the cost as required by § 15 by which seven and one half per cent of such cost was apportioned to the plaintiff.

The plaintiff contends that it has no location or track in that part of Silsbee Street occupied by the railroad and, therefore, under St. 1906, c. 463, Part I, § 29, it is not properly a party to the proceedings and cannot be assessed for any part of that work. In this proceeding it seeks to have the ruling and order of the defendant commission annulled, and contends that jurisdiction exists in this court for that purpose under St. 1906, c. 463, Part III, §§ 155, 157, and also by virtue of St. 1913, c. 784, § 27. Demurrers to the bill filed by the defendants were sustained by a single justice, and a final decree has been entered dismissing the bill. The case is before us upon an appeal from the decree.

Under St. 1906, c. 463, Part I, § 29, the commission "shall, if the parties so agree, consist of the members of the board of railroad commissioners, and they shall serve without compensation other than their official salaries." Under St. 1912, c. 492, which relates to the abolition of grade crossings in the city of Lynn, the board of railroad commissioners were designated as the commission to act. The effect of St. 1912, c. 492, made compulsory what, under St. 1906, c. 463, Part I, § 29, would have been possible only by agreement of parties. It was not the intent of the Legislature in enacting St. 1912, c. 492, to affect or impair the provisions of St. 1906, c. 463, except so far as the same were expressly changed by the later statute. The commission is required to file its report in the Superior Court for confirmation in accordance with St. 1906, c. 463, Part I, § 36, which chapter and section are expressly declared in St. 1912, c. 492, § 15, to apply except as otherwise specifically provided, and there is no other specific provision to be found in the later act. Under § 15 the cost of the work, as well as the apportionment, is to be made in accordance with the general statute relating to the abolition of grade crossings. St. 1906, c. 463.

The plaintiff contends that jurisdiction in equity is conferred by virtue of St. 1906, c. 463, Part III, §§ 155, 157, and also by St. 1913, c. 784, § 27. Section 155 requires every State board and commission to keep a record of its proceedings in any matter considered by it under the laws relating to street railways, and to rule upon all requests made by any party before it for a ruling of law.

Section 157 confers upon the Supreme Judicial Court or the

Superior Court jurisdiction in equity upon the petition of a street railway company, or of the board of aldermen of a city, or the selectmen of a town in which the street railway is located, or of any interested party, to restrain the violation of laws which govern street railway companies, and of orders, rules and regulations made in accordance with the provisions of the chapter of which it is a part, by the board of aldermen of the city, the selectmen of a town or the board of railroad commissioners, and "to review, annul, modify or amend the rulings of any State board or commission relative to street railways as law and justice may require."

St. 1913, c. 784, § 27, is in part. as follows: "The Supreme Judicial Court shall have jurisdiction in equity to review, annul, modify or amend any rulings or orders of the commission which are unlawful to the extent only of such unlawfulness." It is plain that under the above statutes the rulings and orders therein referred to made by a State board or commission are such rulings or orders as are made by the board or commission acting as such.

In making the apportionment of costs involved by reason of the changes required at Silsbee Street under St. 1912, c. 492, § 15, the commission was substituted in place of the special commission provided for in the grade crossing act of 1906, and under § 15 of St. 1912, the commission is "limited in deciding such proportionate apportionments by the provisions of said chapter four hundred and sixty-three." In other words, the public service commission in apportioning the costs of the work at Silsbee Street, have the same powers and are subject to the same provisions of the statutes as when acting as commissioners by agreement of parties. St. 1906, c. 463, Part I, § 29.

In making the apportionment of costs, the acts of the public service commission, like the acts of a special commission, are subject to review, and if unlawful may be corrected by appeal in the Superior Court. St. 1906, c. 463, Part I, § 34.

A careful reading of the statutes in question makes it plain that it was the intention of the Legislature when it enacted St. 1912, c. 492, that the board of railroad commissioners in apportioning the costs should be governed by the statutes then in force relating to the abolition of grade crossings. St. 1906, c. 463.

The proceedings authorized by St. 1906, c. 463, Part III, §§ 155, 157, and by St. 1913, c. 784, § 27, relate to orders and

rulings of the commission acting as such, and do not authorize a review of the orders of the commission acting under St. 1912, c. 492, § 15, in substitution of a special commission under St. 1906, c. 463.

*Decree affirmed.*